UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 30 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JEAN JOCELYN MERILIEN, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:19-cv-01039 (UNA)
)
DONALD J. TRUMP, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a state inmate designated to the Wilcox State Prison, located in Abbeville, Georgia, sues Donald J. Trump and "Trump's Corporation, Inc." Plaintiff alleges various constitutional violations; however, it appears that his actual claims arise out of apparent disapproval of the current President of the United States. Plaintiff alleges that defendants have made racist statements, particularly regarding Haiti and Haitians. He seeks declaratory and injunctive relief condemning the alleged statements but provides no authority by which such a claim may be brought. In addition to monetary damages, he also requests clemency and/or a pardon of his conviction,[1] however, it is entirely unclear what connection, if any, the presented allegations have with his underlying criminal matter.

The ambiguous allegations comprising the complaint fail to provide adequate notice of a claim. Any viable causes of action, if any, are undefined. The pleading also fails to set forth allegations with respect to this Court's jurisdiction, or a valid basis for an award of damages. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: April 25, 2019

United States District Judge

---

[1] This Court is without the authority to direct the President of the United States to grant or even consider a pardon request. *See Yelvington v. Presidential Pardon and Parole Attorneys*, 211 F.2d 642, 643-44 (D.C. Cir. 1954) (affirming denial of mandamus petition to compel attorneys to submit inmate's petition for clemency to the President, noting that pardoning power "expressly vests in the President" which "should . . . be free of judicial control").